■ SPECIALIZED SEARCH ASSOCIATES, INC., Appellant, v CADILLAC-FAIRVIEW SHOPPING CENTERS (U.S.) LIMITED, Respondent. — Order of the Supreme Court, New York County (David H. Edwards, J.), entered on May 17, 1983, denying plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213 and directing plaintiff to serve and file a formal complaint within 20 days of service of an order with notice of entry is affirmed, without costs. The facts in this case are fairly set forth in the dissent. Indeed there is no substantial dispute between the parties as to the facts, so far as they are revealed by this record. The difficulty is, however, that it does not appear from this record that there was agreement between the parties as to the terms and conditions under which the defendants would become obligated to pay a commission to the plaintiffs. The plaintiffs assert that they considered their commissions earned and due and payable when the person they refer is employed and remains on the payroll for 30 days. Defendant on the other hand, contends in an affidavit by its former president, that it was his understanding that the commission would be earned in accordance with customary executive recruiting customs and practices. He asserts that according to those customs and practices, in regard to high-level personnel, the fees of the executive employment agencies are not considered earned unless the high-level executive remains in the employ of the client for a reasonable period. Here, the employee was hired as controller at an annual salary of $65,000. His employment apparently commenced on September 7, 1982, and the plaintiff billed for its percentage fee at the same time. It appears that within several days of mailing the check for $13,000, representing a 20% fee based on the employee's salary, the employee informed defendant's president that he intended to leave defendant to establish his own business. This notice was given less than two months from the date of the employee's hiring and at a time when he had earned somewhat less than $11,500 in salary. Thus the fee of $13,000 tendered

to the plaintiff upon which it seeks summary judgment in fact exceeds the total salary earned by the employee. Under these circumstances it may well be that there was a failure of consideration sufficient to warrant denial of recovery to the plaintiff. Certainly the conflicting affidavits and the assertion of the custom and practice as to when the commission is earned raise sufficient questions of fact to warrant a trial of the action. Special Term appropriately denied the motion for summary judgment. Concur — Ross, Carro, Asch and Alexander, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I dissent and would reverse and grant summary judgment in lieu of complaint pursuant to CPLR 3213. The plaintiff-appellant is an executive recruiting firm and pursuant to its retainer by the defendant, recruited a controller for the defendant, who was hired on September 7, 1982 at an annual salary of $65,000. The plaintiff submitted a bill for services rendered in the amount of $19,500 based on its claim that its arrangement with the defendant was for 30% of the employee's first year's annual salary. On or about October 29, the defendant sent the plaintiff a check for $13,000 with a covering letter stating that it had a policy of paying 20% commission for the kind of services performed. Although it believed that it was entitled to the full amount of $19,500, the plaintiff accepted the check and deposited it. Thereafter the check was stopped because the employee involved had given notice that he was leaving his employment with the defendant. It is the defendant's contention that there was an implied condition that the employment continue for a reasonable time and that two months was not a reasonable time. Over seven weeks after the employment, the defendant sent a check to cover its obligation for the recruiting service rendered, although it was billed therefor on September 7. It thus made its own determination as to a reasonable time. There has been no showing or contention that the plaintiff in any way interfered with the employment arrangement by the person recruited. That it fulfilled its part of the bargain was shown by the covering letter sent to it by the defendant with the check which was later stopped. "Enclosed you will find a check for $13,000 which represents full payment in connection with the employment of Raymond Braun. Our Corporate Policy has always been to pay 20% commission for such work and therefore you will find a check for $13,000. Thank you for your assistance." Summary judgment on the instrument is warranted.